UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUSSELL OWEN PLASCYZK, Ph.D.                CIVIL ACTION

VERSUS                                       NUMBER: 09-3381

ORLEANS PARISH SCHOOL BOARD                  SECTION: "S"(5)

**<u>ORDER AND REASONS</u>**

Presently before the Court is defendant's motion for partial summary judgment, plaintiff's opposition thereto, and defendant's reply to plaintiff's opposition. (Rec. docs. 17, 20, 21). The motion was argued to the Court on a previous date. (Rec. doc. 22). For the reasons that follow, it is ordered that defendant's motion is granted in part and denied in part.

Plaintiff is a former employee of the Orleans Parish School Board ("OPSB") who worked in various capacities from January 1, 1990 until his termination on March 24, 2006. Plaintiff filed the above-captioned lawsuit under Title VII of the Civil Rights Act, alleging that he was discriminated against during two fairly distinct time periods. First, while working in the position of

Assistant Principal of Capdau Middle School in 2003, plaintiff alleged that he had been discriminated against by his immediate supervisor, Principal Valerie Hicks, based on race and gender. (Rec. doc. 3, pp. 3-4). Those allegations formed the basis of a Charge of Discrimination plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on October 31, 2003. (Rec. doc. 17-5). In due course, the EEOC issued a Notice of Right to Sue which was received by plaintiff on November 20, 2004. (Rec. doc. 17-6, p. 3). In his opposition to defendant's motion, plaintiff admits that he never filed suit with respect to the 2003 incidents within ninety days of receipt of the Notice of Right to Sue and that those claims are now time-barred. (Rec. doc. 20, p. 7). Accordingly, defendant's motion is granted in that respect and any actionable claims plaintiff had resulting from the October 31, 2003 Charge of Discrimination are hereby dismissed.

The second set of allegations presented in plaintiff's complaint concerns a series of events that occurred subsequent to plaintiff's move to the McMain Secondary School in 2004 where he was employed as the Assistant Principal of Curriculum and Instruction. As a result of Hurricane Katrina, the OPSB and all schools under its purview, including McMain, were destroyed and/or temporarily closed. Being unemployed and waiting for McMain to re-open, plaintiff initially accepted a job with the State. Shortly

2

thereafter, McMain re-opened but unlike the rest of the school staff, plaintiff was not contacted and offered the position he had previously held there. Ultimately, plaintiff alleges that he was encouraged to return to McMain, which he did, but that he was not reinstated as Assistant Principal of Curriculum and Instruction nor was he give any set position or job description. Instead, plaintiff was offered a "created" position of Coordinator of Online Learning in the central office. Plaintiff alleges that, after he filed a complaint with OPSB, he was "reinstated" to the Coordinator position but was soon demoted to the position of a "virtual teacher," effectively removing him from all administrative positions. After enrollment at McMain increased, another assistant principal was hired without affording plaintiff an opportunity to apply for that position. On February 22, 2006, plaintiff received a letter from OPSB terminating his employment effective March 24, 2006. (Rec. doc. 3, pp. 4-8).

On February 17, 2006, plaintiff filed a second Charge of Discrimination with the EEOC, alleging that he had been demoted to the position of "virtual teacher" based on race and in retaliation for his previous EEOC activity and that he had not been offered the option to return to his pre-Katrina position as Assistant Principal of Curriculum and Instruction. (Rec. doc. 17-7). On June 23, 2008, the EEOC issued plaintiff a Determination Letter which

advised him, in pertinent part, as follows:

> [t]he Charging Party's allegation that he was demoted to the position of "Virtual Teacher," because of his race, White, and in retaliation is not supported by the evidence. This statement does not certify that the Respondent is in compliance with the statute regarding this issue and bases. This letter is the Charging Party's **NOTICE OF RIGHT TO SUE,** which terminates the Commission's processing of the charge under Title VII of the Civil Rights Art of 1964, as amended. If the Charging Party wants to pursue this Title VII allegation further, he has the right to sue the Respondent named in this charge in federal or state court. If the Charging Party decides to sue, then he must sue **WITHIN 90 DAYS from receipt of this NOTICE; otherwise, his right to sue under Title VII of the Civil Rights Act of 1964, as amended on this issue and bases is lost**.
>
> The evidence shows that at the time of the events giving rise to the charge of discrimination, the Charging Party was employed by the Respondent as a Virtual Teacher. The record reveals that the Charging Party was hired by the Respondent in January 1990. Prior to hurricane Katrina, Charging Party was employed as the Assistant Principal of Curriculum and Instruction at Eleanor McMain Senior High School. After hurricane Katrina, all the administrators at Eleanor McMain Senior High School, who wanted to return to their previous positions returned. Charging Party was not offered the option to return to his position of Assistant Principal of Curriculum and Instruction, but was offered a "created" position of Coordinator of Online Learning. The evidence shows that the articulated reasons given by the Respondent for its actions are pretext for discrimination. Based on the evidence, the Commission concludes that there is reason to believe that violations of Title VII of the Civil Rights Act of 1964, as amended have occurred.
>
> Upon finding reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful employment practices by informal methods of conciliation. Therefore, the Commission now invites

> the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Section 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.
>
>    \*   \*   \*   \*   \*   \*   \*   \*
>
> This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts, based on the enclosed proposed Conciliation Agreement, to resolve all matters where there is reason to believe that violations have occurred.
>
>               (Rec. doc. 17-8, pp. 1-2).

On July 22, 2008, the EEOC issued a Notice of Conciliation Failure, advising plaintiff that efforts to mediate his reinstatement claim had failed and that his case was being forwarded to the Department of Justice for a decision as to whether it would bring suit against OPSB. (Rec. doc. 20-3). On January 27, 2009, pursuant to plaintiff's request, the Department of Justice issued him a Notice of Right to Sue advising him that he had ninety days within which to institute suit under Title VII. (Rec. doc. 20-4). Plaintiff filed the above-captioned complaint on April 27, 2009. (Rec. doc. 1).

By way of its present motion, defendant argues that plaintiff's demotion and retaliation claims should be dismissed because plaintiff failed to file suit with respect to those claims within ninety days from the date that the EEOC issued its Determination Letter on June 23, 2008. Plaintiff opposes

5

defendant's motion, arguing that the ninety day period within which to file suit should be measured not from the date of the EEOC's Determination Letter but from the date of the Department of Justice's January 27, 2009 Notice of Right to Sue.

Summary judgment is appropriate under Rule 56(c), Fed.R.Civ.P., when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the to the non-movant who bears the burden of proof at trial to show with significant probative evidence that there exists a triable factual issue. Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of TX, 20 F.3d 1362, 1371 (5th Cir. 1994).

Defendant is correct that employment discrimination plaintiffs must exhaust administrative remedies as a precondition to filing suit in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002), cert. denied, 537 U.S. 1200, 123 S.Ct. 1287 (2003). Such exhaustion typically occurs when the plaintiff timely files a charge of discrimination with the EEOC and is issued a notice of right to sue. Id. At first glance, the dispute in this case centers on what investigatory body must issue the required notice of right to sue when the respondent is a government,

governmental agency, or political subdivision like OPSB. One portion of the Title VII statutory scheme provides that "[i]f the Commission determines...that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify..." the charging party. 42 U.S.C. §2000e-5(b). If, however, the EEOC finds reasonable cause, it forwards the case on to the Attorney General for further handling. 42 U.S.C. §2000e-5(f)(1). That very same subsection goes on to state that, if the EEOC dismisses a charge brought against a governmental entity, it is the Attorney General who issues the claimant the notice of right to sue. Id. The Fifth Circuit has interpreted the foregoing statutes to require the Attorney General to issue the right-to-sue letter even if the EEOC had previously sent the claimant a determination letter advising her that the charge of discrimination was unsupported. Hendrix v. Memorial Hospital of Galveston County, 776 F.2d 1255, 1256 (5th Cir. 1985).

The above-cited statutes notwithstanding, EEOC Regulations also provide as follows:

> [i]n all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue a notice of right to sue when there has been a dismissal of a charge... In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including...[w]hen there has been a finding of reasonable cause by the

> Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action.

>                                29 C.F.R. §1601.28(d)(1987).

The cases cited by the parties all involve the situation in which a governmental defendant moves to have a plaintiff's Title VII claims dismissed, for failure to exhaust administrative remedies, because the plaintiff had received a right-to-sue notice from the EEOC rather than the Attorney General. In Enriquez v. City of Houston, 2009 WL 385429 (S.D. Tex. Feb. 17, 2009), the court excused as futile the requirement for plaintiff to obtain a notice of right to sue from the Attorney General because such a request would have been refused in light of §1601.28(d) where the EEOC had already issued a right-to-sue notice. In Chimm v. City of Houston, 2008 WL 4560605 (S.D. Tex. Oct. 9, 2008), after noting the apparent conflict between the statutory language of Title VII and that of §1601.28(d), the court characterized the requirement as waivable. On the other hand, in Zamora v. City of Houston, 2008 WL 3852416 (S.D. Tex. Aug. 15, 2008), the court found the Title VII statutory language controlling and required the plaintiff to at least seek a right-to-sue letter and a response from the Department of Justice or face dismissal of his claim. And in Johnson v. City of Houston, 2008 WL 2622924 (S.D. Tex. June 30, 2008), the court concluded that the Attorney General right-to-sue notice requirement

was waived where the plaintiff specifically requested the Department of Justice to issue such a notice and it refused to do so.

However, none of the cases cited to the Court involve the precise factual scenario presented in this case. Here, the EEOC essentially severed plaintiff's 2006 charge of discrimination, considering and dismissing those portions of it that were unsupported by the evidence while continuing to process, through conciliation efforts and forwarding to the Department of Justice, the remainder of it that was deemed to be credible. The advice provided to plaintiff via the EEOC's June 23, 2008 Determination Letter was less than crystal-clear, at one point telling him that the missive "...terminates the Commissioner's processing of the charge under Title VII..." and four paragraphs later informing him that "[t]his determination does not conclude the processing of this charge." The language of the Commission's own regulation obliges it to issue the required notice of right to sue when there has been a dismissal of a charge, not just of portion of the charge. Moreover, the Court is not convinced that the appropriate issuing official was anyone other than the Attorney General because reasonable cause had previously been found by the EEOC, conciliation efforts had failed, and the Attorney General, through inaction and the passage of time, decided not to file a civil

9

action in his own name. 29 C.F.R. §1601.28(d)(1).

Indeed, unlike the plaintiff in Johnson, supra, the Justice Department ultimately issued plaintiff a notice of right to sue rather than refusing to do so because the EEOC had previously issued one. Until it did so, there was no complete conclusion of the administrative investigation of plaintiff's charge of discrimination. The Court cannot fault plaintiff for following Fifth Circuit precedent like Hendrix and, at a minimum, declines to penalize him for statutory/regulatory vagaries that are not of his creation. For these reasons, as respects the 2006 charge of discrimination, defendant's motion for partial summary judgment is denied.

New Orleans, Louisiana, this 3rd day of March, 2010.

                                          ALMA L. CHASEZ
                           UNITED STATES MAGISTRATE JUDGE